## UNITED STATES v. 1010.8 ACRES, MORE OR LESS, IN SUSSEX COUNTY, DELAWARE, et al.

### No. 2.

June Term, 1941.

District Court, D. Delaware.

April 23, 1948.

See, also, D.C., 62 F.Supp. 277.

W. Thomas Knowles, Asst. U. S. Atty., of Wilmington, Del., and Charles M. Irelan, of Washington, D. C., for petitioner.

Albert W. James, Atty. Gen. of Delaware, James M. Tunnell, Jr., and Tunnell & Tunnell, all of Georgetown, Del., and Henry A. Wise, Hastings, Stockly, Walz & Wise, David S. Keil and Herbert H. Ward, all of Wilmington, Del., for various owners or claimants.

RODNEY, District Judge.

This matter involves the method of procedure in federal eminent domain proceedings in the District of Delaware. Congress, by Act of August 1, 1888, 40 U.S.C.A. § 258, required that in condemnation proceedings in the United States District Courts the "practice, pleadings, forms and modes of proceedings" should "conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such district court is held, any rule of the court to the contrary notwithstanding." This is the same language contained in the General Conformity Statute of June 1, 1872, 28 U.S.C.A. § 724, applying to all

civil causes other than equity or admiralty causes.

In 1945, in United States v. 40.558 Acres of Land, 62 F.Supp. 98, this court was directly confronted with the foregoing conformity requirement by a motion for the appointment of commissioners to ascertain values and to award damages. Judge Leahy adopted Section 5730, Revised Code of Delaware, 1935, as the standard to which conformity should be directed. This section provides for the ascertainment of values and awarding of damages in the first instance by commissioners appointed by the court. This was the only Delaware Act of a general nature providing for condemnation proceedings by a governmental department of the State of Delaware. Not being able to adopt all of the provisions of the Delaware Act, this court, by a comprehensive series of rules created an eclectic procedure conforming "as near as may be" to the most pertinent Delaware procedure. Notwithstanding the clear and lucid character of Judge Leahy's opinion a present motion by the government for the empanelling of a common law jury in the first instance to ascertain values and award damages prompts this court to again review the matter of procedure so that the question may be set at rest so far as this district court is concerned. Even though the matter may be somewhat prolonged, this course seems advisable and particularly as some matters may be discussed which Judge Leahy did not deem it necessary to consider.

■ Eminent domain is an attribute of sovereignty existing independent of constitutional provisions and has existed prior to any known constitution. It is, however, a dormant right lodged in the sovereign people until legislative action points out the occasions, the modes and the agencies for its exercise. Thomison v. Hillcrest Athletic Association, 9 W.W.Harr. 590, 39 Del. 590, 5 A.2d 236. At the formation of the Federal Union there seems to have been no disposition to provide a general procedure for federal condemnation. It has been suggested that this was, in part, due to the disinclination to incur the opposition of the proponents of the rights of the individual states. The exclusively federal procedure prior to 1873 seems to have been confined to the District of Columbia and the several territories. The federal government in the individual states acted through procedure in the state courts according to state law. On February 2, 1871 there was adopted the first Delaware Act establishing a procedure for the condemnation of property by an authorized agent of the United States, Laws of Del., Vol. 14, c. 173, p. 250. This Act was limited in its application to land for the erection of a lighthouse, beacon light, range light or lightkeeper's dwelling and the territorial extent was limited to ten acres. Under the Act a jury was to be empanelled "to assess the value of the lands and the damages the owner or owners thereof will sustain by reason of their condemnation and appropriation to the United States." Provision was made for the payment of the damages into court and for an order on the sheriff to make a deed to the United States for the premises. This Act was repealed February 19, 1875, Laws of Del., Vol. 15, c. 6, p. 11, and a new system adopted of ascertainment of values and awarding of damages by commissioners appointed by a justice of the peace of the immediate vicinity. On March 18, 1875, Laws of Del., Vol. 15, c. 7, p. 13, the last-mentioned Act was itself repealed and the former Act revived and reestablished with an additional provision for special juries if so desired. This latter Act has been carried into every subsequent codification of the laws and now, with some slight change in language, appears in Chapter 2, Revised Code of Delaware, 1935, as Section 3 of such code. No known proceedings were ever taken by or for any agency of the United States under the cited Delaware Act.

Indeed, shortly after the passing of the Act of 1875 its restrictive terms as to territorial extent and purposes of use must have been apparent. In 1887 the United States desired to construct a canal in the Delaware District and a special act was passed by the Delaware Legislature, Laws of Del., Vol. 18, c. 139, p. 210. This Act provided for three commissioners named in the Act of Assembly to ascertain values and award damages. If any owner was

not satisfied with such award the Act provided, on application to a judge, for the appointment, by such judge, of a commission of five persons whose determination should be final.

Statutory provision was also made for and legislative consent given to the acquisition by purchase by the United States Government of limited areas and for limited purposes, whether the land was owned by the state itself or the individuals thereof. Such was the status of the Delaware statutory provisions when the first federal condemnation statute was passed on August 1, 1888, 40 U.S.C.A. § 257.

The first condemnation proceeding in the United States District Court of Delaware after the adoption of the federal Act in 1888 was in 1909 in connection with the enlargement of the, then, Post Office Building in Wilmington [1] and, indeed, this is the first known condemnation proceeding ever taken by the United States within the District of Delaware. The original papers (executed by a district judge from outside of the District of Delaware and presumably to comply with the conformity requirement) set out the provisions of the federal Act and also the provisions of the Delaware Act of 1875 governing limited condemnation proceedings by or for the United States in the Delaware State Courts and in ascertaining values and awarding damages the court empanelled a jury to pass on such matters. It would seem to have been proper then to conform to the cited Delaware statute because at that time, as we shall later see, there was no other Delaware Act to which any measure of conformity should reasonably be given. This procedure, with considerable variations, was followed without comment until 1945.[2] In the meantime and in 1917 Delaware had provided specific statutory procedure governing the acquisition of land by the State of Delaware and in this procedure had provided that values should be ascertained and damages awarded in the first instance by commissioners appointed by the court with the right of an appeal to a jury in ad quod damnum proceedings. This was the statute adopted by Judge Leahy in 1945 as the basis of conformity proceedings. A passing glimpse must be given to the Delaware statutory proceedings governing eminent domain.

Delaware has had no general statute governing eminent domain but special statutory authority has been given in a number of instances. Under the General Incorporation Law starting in 1899 the right of eminent domain is given to railroads and certain other classes of corporations. Prior to that Act the right of condemnation was included in special charters of a great number of railroad companies, and in Wilson v. Baltimore & P. R. Company, 5 Del.Ch. 524, Chancellor Saulsbury stated that he had examined more than 50 of such charters with such eminent domain provisions. Procedure for condemnation was also provided in connection with roads and streets, school houses and certain public buildings. While all the Acts had some differing features, yet there was one uniform and distinguishing feature that was common to all, viz., that the original ascertaining of values and awarding of damages was by commissioners appointed by a judge.

In 1917 (Laws of Del., Vol. 29, c. 63, p. 171) the "State Highway Department" was created as a department of the State of Delaware and was given the right to

---

[1] United States v. Two Lots or Tracts of Land, D.C.Del. (No. 1 June Term, 1909).

[2] The following is indicative of the former confusion in attempting conformity. In 1909 the petition for condemnation recited the federal Act and the Delaware Act of 1875 and a jury was empanelled. In 1918 a petition for condemnation recited the federal Act and the Delaware Act applying to railroad corporations (by which values were ascertained by commissioners) and did not mention in any way the Delaware Act of 1875, but still a jury was empanelled to ascertain damages. In 1922 and 1923 petitions for condemnation recited provisions of both Delaware Acts, viz., the 1875 statute and the Act governing condemnation by railroads. In 1930 a petition recited the federal Act but recited no Delaware Act relating to condemnation but recited a Delaware Act having no relation at all to condemnation but merely as to a purchase of land by the United States.

acquire property for the State of Delaware by eminent domain. It was expressly therein required that the value should be ascertained and damages awarded in the first instance by commissioners appointed by the court. In 1945 the attention of this court was for the first time called to the Delaware Act of 1917. The federal Act requiring conformity to Delaware practice expressly referred to such practice "existing at the time" that the condemnation by the federal government was desired so that this court in 1945 was compelled to consider the Delaware Act of 1917 which this court in the 1909 proceeding, of course, could not have done because the Act of 1917 was not then in existence.

In 1945 this court was compelled to adopt a Delaware procedure to which conformity should be given. This court might have considered a procedure originating from three sources; (a) the Act of 1875 as hereinbefore set out; (b) a procedure emanating from the General Corporation Law relating to eminent domain proceedings by certain corporations, or (c) the procedure emanating from the Act of April 2, 1917 which for the first time provided for eminent domain proceedings by an instrumentality of the state itself. The court seriously considered the latter two methods of procedure and adopted the Act of April 2, 1917 as the pattern of conformity. Among the reasons militating against the adoption of the Delaware Act of 1875 as the pattern of conformity after the enactment of the Delaware Act of 1917 the following may be briefly mentioned: (a) no known proceedings of any kind had ever taken place under the Act of 1875 and there had never been any "practice, pleadings, forms and modes of proceedings" to which conformity could be given; (b) that there had been many proceedings under the Act of 1917 and the practice established by it was the practice "existing at the time;" (c) that the Act of 1875 differed from every other statute of the State of Delaware in that it did not provide for the appointment of commissioners to ascertain value or to award damages; (d) that the Act was of very limited scope and only applied to the erection of a lighthouse or range light and was expressly limited to ten acres in extent; (e) that the Act was more difficult to apply in connection with the federal Act of February 26, 1931, 40 U.S.C.A. § 258a, by which title to the land sought to be condemned became vested in the United States upon the filing of a declaration of taking.

■ This court, therefore, in 1945 adopted the Delaware Act of 1917 (Revised Code of Delaware, 1935, Section 5730) as the pattern to which federal proceedings should conform, formulated comprehensive rules in adapting such proceedings to the federal requirements and has since then by uniform practice continued such procedure.

■ The motion for empanelling a jury in the first instance to ascertain values and award damages must be denied.

■ The government also made an alternative motion in case the motion for empanelling a jury should be denied. The alternative motion was that if commissioners be appointed to ascertain values and award damages the commissioners should be appointed in such number that, after allowing for appropriate challenges by the government and other parties interested, there should remain a proper number to conduct the hearing and conclude the matter. This motion suggests a procedure that has no counterpart in any Delaware statute or practice and must be denied. Under every Delaware statute five commissioners have been appointed except in a few instances the number of commissioners was fixed at three. The Act adopted by this court as the pattern of conformity provides for the appointment by the court of five commissioners. Such course will be here followed.